UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23CR98 |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| v. | ) | **ORDER** |
| ANTONIYO TAYLOR, | ) | |
| | ) | (Resolves Doc. 43) |
| Defendant. | ) | |

On November 10, 2023, Defendant Antoniyo Taylor filed a motion with this Court suggesting that the undersigned was required to recuse in this matter under 28 U.S.C. § 455. The motion (Doc. 43) is DENIED.

28 U.S.C. § 455(a) provides that a judge "shall" disqualify himself in "any proceeding in which his impartiality might reasonably be questioned." Section 455 is a self-executing recusal section. If a reasonable person, knowing all the relevant facts, would doubt the judge's impartiality, the judge is required to recuse himself. *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980).

Defendant's motion is premised upon an initial hearing held by the Court in an attempt to sentence him. During that hearing, the Court posed questions about how Defendant came to have a 2017 Rolls Royce Dawn Coupe in his storage unit. As background, Defendant was indicted on February 23, 2023 for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. Pursuant to search warrants issued for multiple locations, law enforcement recovered more than 80

1

grams of cocaine, a .40 caliber PT-140 Taurus, and over $168,000 in cash. In addition, officers searched a storage locker that contained a 1970 Chevrolet Chevelle, a 1971 Chevrolet Impala, a 2017 Cadillac Escalade, and the 2017 Roll Royce Dawn Coupe.[1] Defendant pled guilty pursuant to a plea agreement on June 9, 2023. Within the plea agreement, Defendant agreed to forfeit the $168,140 in cash, the Chevelle, the Impala, the Escalade, and the Acura MDX, conceding that they were the proceeds of illegal drug activity.

As a result of his plea agreement, Defendant effectively forfeited nearly every item of value found during the execution of the search warrants other than the 2017 Rolls Royce. The Court was made aware of this unique circumstance when the presentence report was filed on September 12, 2023 and noted "A Rolls Royce Dawn Coupe (SCA666D53HU102812) was also located, but it does not appear it was confiscated." Doc. 34 at 5. As a result, the Court made inquiry regarding that item as follows:

> THE COURT: So, counsel for the defendant, any information you want to share with the Court?
>
> MR. MALARCIK: I don't have any information, Your Honor.
>
> THE COURT: Your client doesn't have any information?
>
> He was in possession of the vehicle in his garage, in his storage locker, and he had it for more than a year, and you have no information to share with the Court. Is that what you're telling me?
>
> MR. MALARCIK: I don't have any specific information to answer the questions the Court just put on the record.
>
> THE COURT: Perhaps you might want to discuss it with your client because the information that he may share may be important and may be important to his possible sentence in the matter, counsel.

---

[1] A 2019 Acura MDX was also recovered in another search.

Doc. 40 at 6. Counsel for the Government then requested additional time to provide the Court with the information that had been obtained prior to the Government's decision not to seek forfeiture of the Rolls Royce. The Court then noted:

> And the defendant, of course, is here. His counsel indicates he has nothing to add, nothing to say. So we'll also take that into consideration. If he doesn't wish to provide us information since he did have possession of the vehicle, he had it for a year, that may have some, also some bearing on the guidelines.

Doc. 40 at 8.

In his motion, Defendant contends based upon this exchange that "[t]he court then demanded that Mr. Taylor, waive his right to remain silent and waive his right against self-incrimination and answer questions about the vehicle and [its titled owned]." Doc. 43 at 4. Initially, the Court notes that a defendant's guilty plea does not waive *all* of his Fifth Amendment privilege against self-incrimination in the sentencing phase of the case. *Mitchell v. United States*, 526 U.S. 314, 322–24 (1999). However, a guilty plea expressly waives the Fifth Amendment right against self-incrimination with respect to the crime to which the guilty plea is entered. *See generally Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). During the hearing in this matter, the Court made inquiry in the hopes of determining whether the Rolls Royce was the fruit of the crime for which Defendant pled guilty on June 9, 2023. As such, Defendant had already waived any Fifth Amendment right as it related to his drug trafficking and the proceeds derived from that activity. Therefore, the Court's questioning on this topic could not be said to infringe Defendant's right.

Additionally, the Court notes that subsequent to the hearing, the Government filed a memorandum (Doc. 42) detailing the factual background of its investigation

surrounding the Rolls Royce. The Government's memorandum has made clear that the Rolls Royce was lawfully purchased by a third-party and that no evidence exists to suggest that Defendant had an interest in the vehicle. As a result, the Court will not consider the Rolls Royce in any manner in the Court's guideline calculation or Defendant's ultimate sentence.

More importantly, notably absent from the hearing is *any* invocation by Defendant of his Fifth Amendment rights. At no time during the hearing did counsel suggest that Defendant was invoking his right to remain silent or his right to refrain from self-incrimination. Rather, counsel asked "for a brief continuance to talk to my client. I'm asking for the opportunity to intelligently review the material that I think the Court rightly wants to see and inspect. I would like that opportunity as well." Doc. 40 at 10. When the Court inquired further, counsel again responded "*It's not Mr. Taylor saying I don't want to talk to you now*. It's me attempting to exercise my obligation to represent him and telling him I don't want to ask you these questions, I don't want to review anything, until I have a full chance to understand what we're talking about. That's my decision." Doc. 40 at 12 (emphasis added). Thus, far from invoking any right of Defendant's rights, *counsel* made it clear that the decision was tied to *counsel's decision* that effective representation required a continuance. In fact, counsel expressly disavowed any notion that Defendant was invoking his right to remain silent.

The Court also takes note that counsel indicated on the record that the Court "rightly wants to see" the information surrounding the Rolls Royce. As such, it remains somewhat unclear how that same information could form the basis of a motion to recuse.

4

Based upon the above, there can be no argument that the Court was unlawfully using Defendant's invocation of his Fifth Amendments rights against him. Defendant waived those rights with respect to the charges in his plea agreement, and the Court's questions did not extend beyond those charges. Moreover, Defendant *never* invoked any of his constitutional rights. In that regard, the Court also highlights Defendant's plea agreement includes a provision in which the Government agrees not to bring other charges "for violations known to the USAO on the date of the execution of this agreement … or relating to conduct charged in the Indictment and/or described in the Factual Basis section of this agreement based on facts currently within the knowledge of the USAO." Doc. 23 at 4. As a result, there remains a significant question over whether Defendant could even raise a Fifth Amendment objection to the Court's questioning about the Rolls Royce as it was intertwined with his admitted conduct.

In closing, the Court reiterates that it was satisfied with the Government's filing with respect to the exclusion of the Rolls Royce from any aspect of the charges against Defendant, and therefore the Court will not utilize the Rolls Royce in any aspect of its Guidelines calculation or sentence. The Court will likewise not consider *counsel*'s decision to not allow Defendant to speak at the prior hearing when it determines a Guideline range and ultimate sentence in this matter.

The motion to recuse is DENIED.

IT IS SO ORDERED.

November 28, 2023                  /s/ John R. Adams
                                    JUDGE JOHN R. ADAMS
                                    UNITED STATES DISTRICT COURT